IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARRY BOSWELL *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-205-MEF |
| ) | |
| 1st CONTINENTAL MORTGAGE, *et al.*, ) | (WO- Do Not Publish) |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

On February 15, 2011, Plaintiffs initiated this lawsuit in the Circuit Court for Montgomery County by filing a Complaint which contained a request for a Temporary Restraining Order (Doc. # 1). On March 18, 2011, Defendants removed this action to this Court invoking its jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1653. Plaintiffs seek a temporary restraining order requiring the defendants to cease any foreclosure actions or the taking of equity in a specific piece of real property in Montgomery, Alabama. This Court now addresses only Plaintiffs' request for a temporary restraining order.

Federal Rule of Civil Procedure 65 sets forth the applicable restrictions on this Court's ability to grant a temporary restraining order. For example, it is clear from the text of Rule 65(b) that a temporary restraining order may not be granted without notice to the adverse parties or their attorneys unless

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury,

>loss, or damage will result to the applicant before the adverse party or that a party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added). The Court finds that Plaintiffs have failed to satisfy the requirements of Federal Rule of Civil Procedure 65(b)(1) and (2). Plaintiffs' Complaint is not verified or for that matter even signed. Moreover, the Complaint does not establish irreparable injury, or if loss or damage will result absent the issuance of the temporary restraining order. Additionally, nowhere in Plaintiffs' submissions to this Court do Plaintiffs certify in writing the efforts, if any, which have been made to give written or oral notice of this lawsuit or of this application for a temporary restraining order to the adverse parties or their attorneys. Moreover, Plaintiffs do not explicitly claim that such notice should not be required; nor do they provide any reasons why such notice should not be required. Accordingly, the Plaintiffs' request for a temporary restraining order in their Complaint (Doc. # 1) is due to be and hereby is DENIED.

Because Plaintiffs are proceeding *pro se*, it is further ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters, including the determination of whether Plaintiffs are also requesting a preliminary injunction.

DONE this the 22nd day of March, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE